UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joeffre Kolosky,                                          Civil No. 07-1898 (JRT/FLN)

       Plaintiff,

       v.                                               **REPORT AND**
**RECOMMENDATION**

City of Brooklyn Park, City of Brooklyn Center,
City of Burnsville, City of Savage and Dakota
County,

       Defendants.

---

*Pro se* Plaintiff.
Jon K. Iverson for the City Defendants.
Andrea G. White for Defendant Dakota County

---

     **THIS MATTER** came before the undersigned United States Magistrate Judge on June 22, 2007, on Defendants' motions to dismiss [## 4, 11].  The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons which follow, this Court recommends Defendants' Motions be granted.

**I.      FINDINGS OF FACT**

     Plaintiff alleges that the police departments of Brooklyn Park, Brooklyn Center, Burnsville and Savage are attempting to lure him into committing a sex crime.  (Compl. 2.)  Plaintiff alleges that he frequently rides his bike in the parks of these cities and that the police put people in the park to lure him into committing a sex crime.  (Compl. 2.)  Plaintiff lodged complaints with the various cities, yet he alleges they refused to stop placing people in the park to harass him.  (Compl. 2.)  Plaintiff alleges that as he made complaints to the leadership in these cities the harassment increased.  (Compl. 6.)

Plaintiff alleges that Dakota County refused to prosecute Fairview Hospital after he presented the Dakota County Attorney with evidence the Fairview Hospital committed perjury at an arbitration hearing. (Compl. 2.) Plaintiff alleges that the Dakota County Attorney's Office intentionally allowed the statute of limitations to run on the potential perjury charge against Fairview Hospital. (Compl. 2.) Plaintiff also alleges that the Dakota County Attorney's Office failed to prosecute the Burnsville Police Department for harassing him in violation of Minnesota Statute 609.748. (Compl. 3.)

## II.    STANDARD OF REVIEW

Defendants move to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. See Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. In re Navarre Corp. Sec. Litig., 299 F.3d 735, 738 (8th Cir.2002).

Under Rule 8 of the Federal Rules of Civil Procedure, the Plaintiff must set forth in his complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has determined that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally

flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.  Neitzke v. Williams, 490 U.S. 319, 326-327 (1989).  To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.  Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir.1998).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief about the speculative level on the assumption that all the allegations in the complaint are true."  Bell Atlantic Corp., 127 S. Ct. at 1965 (internal citations omitted).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984).  Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions.  Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir.1981).

## III.    LEGAL ANALYSIS

Plaintiff alleges that the harassment by the police department and failure to initiate prosecution by the Dakota County Attorney's office violated his rights under the Equal Protection Clause of the Fourteenth Amendment.  Plaintiff's Equal Protection claim requires the Plaintiff to make the threshold showing that the Defendants treated him differently than others similarly situated to him.  Klinger v. Dep't of Corr., 31 F.3d 727, 731 (8th Cir. 1998). Plaintiff has not alleged any facts to demonstrate that he was treated differently than others similarly situated.  In fact, Plaintiff does not even make the conclusory allegation that the Defendants treated him differently than others similarly situated.  As Plaintiff has not made the threshold showing for an Equal Protection claim,

his claims must be dismissed.

Plaintiff's claims also fail because he has not alleged any formal policy or informal custom adopted by the Defendants.  Plaintiff brings his claims against five separate units of local government.  Claims based upon a violation of Constitutional rights by units of local government are brought under 42 U.S.C. §1983.  See 42 U.S.C. §1983.  Section 1983 claims against units of local government cannot be based upon the actions of its employees and agents, but rather must be shown through a formal policy or informal custom.  Monell v. Dept of Soc. Serv., 436 U.S. 658, 694 (1978).  Plaintiff has not alleged the existence of a formal policy or informal custom that has caused a deprivation of his constitutional rights.  Therefore, Plaintiff's claim also fails because he has not alleged that a formal policy or informal custom of the Defendants caused the deprivation of his constitutional rights.

## IV.    RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' motions to dismiss [## 4, 11] be **GRANTED**.

DATED: July 5, 2007                          s/ *Franklin L. Noel*
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 24, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636

to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **July 24, 2007** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.