# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JOEFFRE KOLOSKY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BROOKLYN PARK, CITY OF BROOKLYN CENTER, CITY OF BURNSVILLE, CITY OF SAVAGE, and DAKOTA COUNTY,<br><br>Defendants. | Civil No. 07-1898 (JRT/FLN)<br><br><br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

Joeffre Kolosky, 2 River Terrace Court, Apartment 101, Minneapolis, MN 55414, plaintiff *pro se*.

Jon K. Iverson, **IVERSON REUVERS, LLC**, 9321 Ensign Avenue South, Bloomington, MN 55438, for defendants City of Brooklyn Park, City of Brooklyn Center, City of Burnsville, and City of Savage.

Andrea G. White, Assistant County Attorney, **DAKOTA COUNTY ATTORNEY'S OFFICE**, 1560 Highway 55, Hastings, MN 55033, for defendant Dakota County.

Plaintiff Joeffre Kolosky filed this *pro se* action against defendants alleging violations of his rights under the Equal Protection Clause of the Fourteenth Amendment. This case is now before the Court on defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In a Report and Recommendation dated July 5, 2007, United States Magistrate Judge Franklin L. Noel recommended that this Court grant defendants' motions and dismiss this action. Plaintiff filed objections to the Report and Recommendation, and the Court has conducted a *de novo* review of those objections under 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons

discussed below, the Court adopts the Report and Recommendation and grants defendants' motions to dismiss.

## BACKGROUND[1]

Plaintiff alleges that the police departments of Brooklyn Park, Brooklyn Center, Burnsville, and Savage are attempting to lure him into committing a sex crime.  Plaintiff alleges that he frequently rides his bike in the parks of these cities, and that defendants placed people in these parks as part of an undercover "sting" to lure him into criminal activity.  Plaintiff alleges that he lodged complaints with the defendants but the police departments continued to engage in these undercover operations.

Plaintiff further alleges that defendant Dakota County refused to prosecute Fairview Hospital after plaintiff provided the Dakota County Attorney's Office with evidence that the hospital had committed perjury in connection with an arbitration hearing.  According to the complaint, the Dakota County Attorney's Office intentionally allowed a statute of limitations to run on the perjury charge against Fairview Hospital.  Plaintiff also alleges that the Dakota County Attorney's Office failed to prosecute the Burnsville Police Department for harassment under Minnesota Statute § 609.748.

Plaintiff argues that defendants' conduct violates the Equal Protection Clause of the Fourteenth Amendment.  Defendants filed motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing in part that plaintiff's complaint failed to allege that he had been treated differently from other similarly situated individuals.  The

---

[1] The background is based primarily on the facts as set forth in the Magistrate Judge's Report and Recommendation.

Magistrate Judge recommended that this Court grant defendants' motions, and these objections followed.

## ANALYSIS

### I. STANDARD OF REVIEW

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to plaintiff, as the non-moving party. *See, e.g.*, *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001). A motion to dismiss a complaint should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle plaintiff to relief. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). However, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

### II. PLAINTIFF'S EQUAL PROTECTION CLAIMS

Under the Equal Protection Clause of the Fourteenth Amendment, the government is generally required to treat similarly situated people alike. *Klinger v. Dept. of Corrs.*, 31 F.3d 727, 731 (8th Cir. 1994). In assessing plaintiff's equal protection claim, the Court

must first address whether plaintiff has demonstrated that he was treated differently than others who were similarly situated. *Id.* "Absent a threshold showing that [he] is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." *Id.*

Here, plaintiff's complaint contains no factual allegations that he was treated differently from other, similarly situated individuals. Even construing the complaint liberally, plaintiff has failed to identify any similar individuals that were exempted from the defendants' alleged harassment, undercover operations, or failure to prosecute. The complaint lacks even a conclusory allegation that plaintiff was treated differently from others. The Court therefore agrees with the Magistrate Judge that plaintiff's equal protection claim fails to state a claim upon which relief may be granted.

The Magistrate Judge further determined that the complaint fails to allege facts that would establish municipal liability under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). A municipality or supervisory official may be held liable under § 1983 if a plaintiff can show that the alleged constitutional violations resulted from a particular policy, custom, or practice. *City of Canton v. Harris*, 489 U.S. 378, 386-87 (1989). Plaintiff's complaint is devoid of any factual allegations that the defendant-cities had a policy, custom, or practice of engaging in the kind of undercover operations alleged by the plaintiff. With respect to defendant Dakota County, plaintiff has not alleged a policy, custom, or practice of refusing to pursue allegations of perjury or harassment. Nor has plaintiff alleged facts showing that the alleged constitutional deprivations resulted from defendants' failure to train its officers or staff. *See Grayson v. Ross*, 454 F.3d 802, 811 (8th Cir. 2006). For these reasons, the Court agrees that

plaintiff's complaint fails to allege sufficient facts to establish municipal liability under *Monell*.

In sum, plaintiff's complaint fails to state a claim upon which relief may be granted. The Court therefore overrules plaintiff's objections and grants defendants' motions to dismiss this action.

**ORDER**

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 26] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 25]. **IT IS HEREBY ORDERED** that:

1. Defendants' motions to dismiss [Docket Nos. 4, 11] are **GRANTED**.

2. Plaintiff's complaint is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

The Clerk of Court is respectfully directed to mail a copy of this order to the plaintiff.

DATED: March 13, 2008                              s/ John R. Tunheim
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                   United States District Judge