# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JOEFFRE KOLOSKY, | Civil No. 07-1898 (JRT/FLN) |
| Plaintiff, | |
| v. | |
| CITY OF BROOKLYN PARK, CITY OF BROOKLYN CENTER, CITY OF BURNSVILLE, CITY OF SAVAGE, and DAKOTA COUNTY, | **ORDER** |
| Defendants. | |

Joeffre Kolosky, 2 River Terrace Court, Apartment 101, Minneapolis, MN 55414, plaintiff *pro se*.

Jon K. Iverson, **IVERSON REUVERS, LLC**, 9321 Ensign Avenue South, Bloomington, MN 55438, for defendants City of Brooklyn Park, City of Brooklyn Center, City of Burnsville, and City of Savage.

Andrea G. White, Assistant County Attorney, **DAKOTA COUNTY ATTORNEY'S OFFICE,** 1560 Highway 55, Hastings, MN 55033, for defendant Dakota County.

Before the Court is plaintiff's *pro se* request to file a motion to reconsider pursuant to D. Minn. Local Rule 7.1(g) and motion to set aside the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court denies plaintiff's request and motion.

Plaintiff filed suit against defendants alleging violations of his rights under the Equal Protection Clause of the Fourteenth Amendment. On March 13, 2008, this Court dismissed plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure. The Court found that plaintiff's equal protection claims failed to allege facts showing that he was treated differently from other similarly situated persons. The Court further determined that plaintiff had failed to allege facts necessary to establish municipal liability for constitutional deprivations. Following this Court's order of dismissal, plaintiff filed this request for permission to file a motion to reconsider.

Local Rule 7.1(g) permits motions to reconsider only with the permission of the Court. The Court will grant requests to file such motions "only upon a showing of compelling circumstances." *Transclean Corp. v. Bridgewood Servs., Inc.*, 134 F. Supp. 2d 1049, 1060 (D. Minn. 2001). A motion to reconsider under Local Rule 7.1(g) is the functional equivalent of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *DuBose v. Kelly*, 187 F. 3d 999, 1002 (8th Cir. 1999). The Court allows such motions to "afford an opportunity for relief in extraordinary circumstances," not to relitigate old issues. *Dale & Selby Superette & Deli v. United States Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Plaintiff's letter requesting reconsideration fails to allege any facts that would demonstrate compelling or extraordinary circumstances. Plaintiff alludes generally to the existence of "new evidence"[1] in the case and reiterates the seriousness of the alleged constitutional deprivation. Such generalized allegations are insufficient to establish the kind of compelling or extraordinary circumstances that would justify reconsideration.

---

[1] Plaintiff's letter does not identify any new evidence in the case. As explained below, plaintiff's generalized allegation of "new evidence" is not sufficient to justify setting aside the Court's Order under Rule 60(b) of the Federal Rules of Civil Procedure.

*See Kolosky v. Minnesota*, 2006 WL 1314301, at *2 (D. Minn. May 11, 2006). The Court's March 13, 2008 Order clearly explained why plaintiff's allegations failed to state a claim as a matter of law. Plaintiff's request for a motion to reconsider appears to seek nothing more than "a second bite at the apple," *see Dale & Selby Superette & Deli,* 838 F. Supp. at 1348, and it is therefore denied.[2]

Plaintiff also alleges that he has "new evidence" that could not have been discovered prior to entry of judgment in this case, though he fails to identify what this new evidence might be. The Court construes this as a motion to set aside the judgment under Rule 60(b) of the Federal Rules of Civil Procedure, which gives this Court discretion to set aside a final judgment because of newly discovered evidence that, with reasonable diligence, could not have been discovered prior to entry of judgment. *See* Fed. R. Civ. P. 60(b)(2). The Court finds no such circumstances present here. Plaintiff's conclusory allegation that "new evidence" exists in the case, without specifically identifying that evidence, does not justify setting aside the Court's Order pursuant to Rule 60(b). *See Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1036 (8th Cir. 2007) (noting that a moving party must show that newly discovered evidence is material and would probably produce a different result). The Court therefore denies plaintiff's motion to set aside the judgment.

---

[2] Plaintiff has also filed two motions to join additional parties to this lawsuit and to seek additional relief. The Court denies these motions as moot.

**ORDER**

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Request to File a Motion to Reconsider and Motion to Set Aside Judgment [Docket No. 30] is **DENIED**.

2. Plaintiff's Motions to Add Parties and Relief to Original Claim [Docket Nos. 31 and 32] are **DENIED**.

The Clerk of Court is respectfully directed to mail a copy of this order to the plaintiff.

DATED: April 2, 2008                  s/ John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                        United States District Judge